[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In its complaint, the plaintiff, Republic Credit Corporation I, seeks enforcement of a note that it alleges remains unpaid by the defendants, Edward McCarty and Stanley M. Goldberg. The defendants filed the following special defenses: (1) the note was executed to secure a credit line that the defendants never accessed (first special defense); (2) the statute of limitations bars the action (second special defense); (3) the plaintiff is not a holder in due course (third special defense); (4) unjust enrichment (fourth special defense); (5) the plaintiff's delay in bringing the present action resulted in the loss of crucial evidence (fifth special defense); and (6) the plaintiff is guilty of laches (sixth special defense). The defendants further filed a counterclaim alleging vexatious litigation. The plaintiff moves to strike all the defendants' special defenses and counterclaim. In reviewing a motion to strike, "we CT Page 12324 must read the allegations of the [counterclaim and special defenses] generously to sustain [their] viability, if possible. . . . We must, therefore, . . . construe the [counterclaim and special defenses] in the manner most favorable to sustaining [their] legal sufficiency." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193,212, 746 A.2d 730 (2000).
The plaintiff moves to strike the counterclaim on the ground that the defendants can not claim a prior litigation terminated in their favor because the current action remains pending in this court. "In suits for vexatious Litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. . . . Furthermore, a claim that the instant case constitutes vexatious litigation is premature. Such a claim is pled, if pled at all as a separate action when the instant case is concluded." (Citations omitted; internal quotation marks omitted.) Desimone v. Dino, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159293 (October 13, 1998, D'Andrea, J.). Accordingly, the court grants the plaintiff's motion to strike the defendants' counterclaim.
The plaintiff moves to strike the first special defense on the ground that it merely constitutes a denial of the allegations of the complaint. The plaintiff, further, moves to strike on the ground that the first special defense is inconsistent with the remaining special defenses and the defendants' answer. "Under a contract theory of a note, lack of consideration can render the note invalid." Kahle v. Eagle, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159316 (December 19, 1997, Hickey J.). Consequently, "[f]ailure of consideration is a legally sufficient special defense to an action for breach of contract." Midlantic National Bank v. Clack-Blye, Superior Court, judicial district of Danbury, Docket No. 315210 (April 3, 1995,Leheny, J.). Here, the defendants allege that they never received consideration for the note because it was executed to secure a line of credit that was never accessed. Moreover, admitting the existence of the note is not inconsistent with denying acceptance of any consideration pursuant to the note. Accordingly, the court denies the motion to strike the first special defense.
The plaintiff moves to strike the second special defense on the ground that the defendants did not allege any facts in support of their defense of statute of limitations. The plaintiff further moves to strike on the ground that the second special defense improperly argues in the alternative that even if advances were made, the statute of limitations bars the action. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal CT Page 12325 quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1,17, 730 A.2d 1128 (1999). In construing the allegations of the complaint and special defense in favor of the defendants, they sufficiently alleged a statute of limitations defense. Additionally, both lack of consideration and statute of limitations may be valid defenses to an action to enforce a note. Accordingly, the court denies the motion to strike the second special defense.
The plaintiff moves to strike the third special defense on the ground that even if it is not a holder in due course, it would still be entitled to seek enforcement of the note. A claim that the plaintiff is not a holder in due course is a valid special defense. See Cadle Co. v.Batchelor, Superior Court, judicial district of Waterbury, Docket No. 127811 (October 8, 1999, West, J.) ("[B]ecause it has not been raised as a special defense . . . the court may not consider [defendant's] claim that the plaintiff was not a holder in due course."). The defendants further set forth sufficient facts by stating that the plaintiff is not a holder in due course because of lack of consideration. Accordingly, the court denies the motion to strike the third special defense.
The plaintiff moves to strike the fourth special defense on the ground that unjust enrichment is not a proper special defense. "Unjust enrichment is viable as a counterclaim, but it is improper when asserted as a special defense." Kirik v. Melief, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325457 (December 24, 1996,Belinkie, J.T.R.); see also Security Pacific National Bank v. Robertson,
Superior Court, judicial of Stamford/Norwalk at Stamford, Docket No. 124622 (August 28, 1997, Hickey, J.). Consequently, the defendants may not allege unjust enrichment as a special defense. Accordingly, the court grants the motion to strike the fourth special defense.
The plaintiff moves to strike the fifth special defense on the ground that the defendants did not allege sufficient facts to support their defense that the plaintiff's delay in bringing the action resulted in the loss of crucial evidence. "Where the special defense fails to allege facts upon which they rely, a motion to strike is appropriately granted."Mountaindale Condominium Association, Inc. v. Thomaston, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 077033 (April 30, 1999, Sheedy, J.). Here, the defendants did not allege what evidence was destroyed because of the plaintiff's delay in bringing the action. Accordingly, the court grants the motion to strike the fifth special defense.
The plaintiff moves to strike the sixth special defense on the ground that the defendants did not sufficiently allege a laches defense. "Laches consists of an inexcusable delay which prejudices the defendant. . . . CT Page 12326 Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." Federal Deposit Ins. Co. v. Voll,38 Conn. App. 198, 210, 660 A.2d 358, cert. denied, 235 Conn. 903,665 A.2d 901 (1995). Here, the defendants did not allege that the plaintiff's delay in bringing the action prejudiced them. Consequently, the defendants did not sufficiently plead a laches defense. See Hiltunenv. Hiltunen, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 157415 (November 13, 1997, Lewis, J.) (striking special defense of laches when defendants failed to allege prejudice). Accordingly, the court grants the motion to strike the sixth special defense.
In summary, the court denies the motion to strike the first, second and third special defenses and grants the motion to strike the counterclaim and fourth, fifth and sixth special defenses.
So Ordered.
D'ANDREA, J.